**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★   JUN 1 4 2012   ★

**LONG ISLAND OFFICE**

THOMAS V. CONVERY (TC 5648)
TANSEY, TRACY & CONVERY, ESQS.
221 Jefferson Avenue
Staten Island, New York 10306
(718) 233-3785
Attorneys for Plaintiff, Kohl's Department Stores

| | |
|---|---|
| KOHL'S DEPARTMENT STORES, IN ITS CAPACITY AS PLAN ADMINISTRATOR OF THE KOHL'S GROUP HEALTH PLAN, | UNITED STATES DISTRICT COURT EASTERN DISTRICT OF NEW YORK |
| Plaintiff(s), | CASE NO: **SUMMONS ISSUED** |
| vs. | |
| FRED CASTELLI and LITE & RUSSELL, | **COMPLAINT** |
| Defendant(s). | **CV-12 2990** SPATT, J. |

**BOYLE, M**

Plaintiff, Kohl's Department Stores, in its capacity as Plan Administrator for the Kohl's Group Health Plan, pleads as follows:

## PARTIES

1.    The Plaintiff, Kohl's Department Stores, is the Plan Administrator for the Kohl's Group Health Plan (hereinafter "the Plan"), an employee welfare benefits plan governed by the material provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* The Plaintiff is located at N56 W17000 Ridgewood Drive, Menomonee Falls, Wisconsin.

2.    Upon information and belief, Defendant, Fred Castelli (hereinafter "Castelli") is a citizen and resident of New York with a last known address of 26 Spruceton Street, Selden, New York.

3.     Upon information and belief, Defendant, Lite & Russell (hereinafter "the Lite Law Firm"), is a business in the State of New York with offices located at 212 Higbie Lane, West Islip, New York.

## JURISDICTION AND VENUE

4.     This action is to enforce the terms of the Plan and for equitable relief under 29 U.S.C. § 1132(a)(3).  Consequently, this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

5.     Pursuant to 29 U.S.C. § 1132(e)(2), venue is proper in this Court because a Defendant resides in this District.

## COUNT ONE

6.     Castelli sustained personal injuries as the result of a motor vehicle accident that occurred on or about November 13, 2007 (hereinafter "the accident").

7.     At the time of the accident, Castelli was a "Covered Person" under the Plan.

8.     At all relevant times, the Plan was a self-funded employee welfare benefits plan governed by the material provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*.

9.     Between October 2009 and February 2010, the Plan paid medical benefits on behalf of Castelli in the amount of $63,732.80 (hereinafter "the paid benefits").  The paid benefits were for medical expenses related to injuries Castelli sustained in the accident.

2

10.    At the time said benefits were paid, the terms and conditions of coverage under the Plan included the following:

**Subrogation and Reimbursement**

Subrogation is the substitution of one person or entity in the place of another with reference to a lawful claim, demand or right. If you receive a Benefit payment from the Plan for an Injury caused by a third party, and you later receive any payment for that same condition or Injury from another person, organization or insurance company, we have the right to recover any payments made by the Plan to you. This process of recovering earlier payments is called subrogation. In case of subrogation, you may be asked to sign and deliver information or documents necessary for us to protect our right to recover Benefit payments made. You agree to provide us all assistance necessary as a condition of participation in the Plan, including cooperation and information submitted to or supplied by a workers' compensation, liability insurance carrier, and any medical Benefits, no-fault insurance, or school insurance coverage that are paid or payable.

We shall be subrogated to and shall succeed to all rights of recovery, under any legal theory of any type, for the reasonable value of services and Benefits we provided to you from any or all of the following:

- Third parties, including any person alleged to have caused you to suffer injuries or damages.

- Your employer.

- Any person or entity obligated to provide Benefits or payments to you, including Benefits or payments for underinsured or uninsured motorist protection (these third parties and persons or entities are collectively referred to as "Third Parties").

You agree as follows:

- To assign to us all rights of recovery, including, but not limited to, the initiation of a recognized cause of action under ERISA/applicable federal law/state law, the imposition of a constructive trust or the filing of a claim for equitable lien by settlement, judgment or

3

otherwise, to the extent of the reasonable value of services and Benefits we provided, plus reasonable costs of collection, including attorney's fees.

- To cooperate with us in protecting our legal rights to subrogation and reimbursement to recover any and all payments made or to be made by the Plan.

- That our rights will be considered as the first priority claim against Third Parties, to be paid before any other of your claims are paid.

- That you will do nothing to prejudice our rights under this provision, either before or after the need for services or Benefits under the Plan. That you will assist and cooperate with the representatives that we designate.

- That we may, at our option, take necessary and appropriate action to preserve our rights under these subrogation provisions, including filing suit in your name.

- That regardless of whether or not you have been fully compensated (including, but not limited to, the made whole doctrine), we may collect from the proceeds of any full or partial recovery that you or your legal representative obtain, whether in the form of a settlement (either before or after any determination of liability) or judgment, the reasonable value of services provided under the Plan.

- You will reimburse the Plan immediately upon recovery. Once we make or are obligated to make payments on your behalf, we are granted and you are required and consent to, an equitable lien by agreement or constructive trust on the proceeds of any payment, reimbursement, settlement or judgment received by your from Third Parties or any other source.
- To hold in constructive trust for our benefit under these subrogation provisions any proceeds of settlement or judgment.

- That we shall be entitled to recover reasonable attorney fees from you incurred in collecting proceeds held by you.

4

- That you will not accept any settlement that does not fully compensate or reimburse us without our prior written consent.

- To execute and deliver such documents (including a written confirmation of assignment, and consent to release medical records), and provide such help (including responding to requests for information about any accident or injuries and making court appearances) as we may reasonably request from you.

- We will not pay fees, costs or expenses you incur with any claim or lawsuit, without our prior written consent. This means that the Plan specifically disavows any claims you may make under the common fund doctrine, and you acknowledge that you do not have any rights/claims under the common fund doctrine.

11.    In or about May 30, 2008, Castelli filed a personal injury action alleging that the negligence of third-parties caused the accident, his resultant injuries and related medical expenses. The action was entitled "Freddy Castelli, et al v. Town of Brookhaven, et al," Index No. 20992-08, and venued in the Supreme Court of the State of New York, County of Suffolk (hereinafter "the underlying action").

12.    Castelli was represented in the underlying action by the Lite Law Firm.

13.    Based upon current information and belief, the underlying action settled in or about 2010 for a certain sum of money (hereinafter "the settlement proceeds").

14.    In accordance with the above cited terms and condition of coverage, the Plan has an equitable lien/constructive trust over that portion of the settlement proceeds owed to the Plan as reimbursement for the paid benefits.

15.    Defendants have refused to reimburse the Plan said portion of the settlement proceeds in violation of the above cited terms and conditions of coverage.

WHEREFORE, the Plaintiff, in its capacity as Plan Administrator, demands that Defendants reimburse the Plan that portion of the settlement proceeds over which the Plan has an equitable lien/constructive trust, together with any judgment and post-judgment interest or other relief to which the Plaintiff is entitled, including reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g).

## COUNT TWO

16.     Plaintiff repeats its Answer to the Counts herein specified, as set forth above.

17.     Based upon current information and belief, Defendant, Lite & Russell, took a fee for legal services rendered in connection with the underlying action out of the settlement proceeds obtained in connection with same.

18.     The Plan has an equitable lien/constructive trust over that portion of said fee owed to the Plan as reimbursement for the paid benefits.

19.     Defendant, Lite & Russell, has refused to reimburse the Plan said portion of said fee.

WHEREFORE, the Plaintiff, in its capacity as Plan Administrator, demands that Defendant, Lite & Russell, reimburse the Plan that portion of said fee over which the Plan has an equitable lien/constructive trust, together with any judgment and post-judgment interest or other relief to which the Plaintiff is entitled, including reasonable

6

attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g).

Dated: June 11, 2012

> TANSEY, TRACY & CONVERY, ESQS.
> 221 Jefferson Avenue
> Staten Island, New York 10306
> (718) 233-3785
> Attorneys for Plaintiff, Kohl's Department
> Stores
>
> By: _____
>      Thomas V. Convery (TC 5648)